IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GENERIAL GRIFFIN,                       §
TDCJ No. 02423396,                      §
                                        §
            Plaintiff,                  §
                                        §
V.                                      §        No. 3:23-cv-2219-X-BN
                                        §
JOHNSON COUNTY JAIL,                    §
ET AL.,                                 §
                                        §
            Defendants.                 §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff General Griffin, now a Texas prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 relating to his medical care while a pretrial detainee in Johnson County. *See* Dkt. No. 4. And United States District Judge Brantley Starr referred Griffin's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court granted Griffin leave to proceed *in forma pauperis* under the Prison Litigation Reform Act ("PLRA"). *See* Dkt. No. 7. Griffin has also filed a motion for summary judgment. *See* Dkt. No. 20.

And, after screening his claims, as detailed below, the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit under 28 U.S.C. § 1915A and deny Griffin's motion for summary judgment.

## Applicable Background

In his complaint, Griffin alleges claims relating to medical treatment for an abscess in his mouth. *See* Dkt. No. 4 at 4-5. It is not clear from the complaint when the issue first arose, but Griffin alleges he reported it on intake at White Settlement City Jail on August 10, 2022, Tarrant County Jail on August 11, 2022, and Johnson County Jail on August 22, 2022. *See id.* Griffin alleges that about two weeks after his arrival at Johnson County Jail, he was prescribed antibiotics and Ibuprofen. *See id.* at 5. And, on September 16, 2022, he alleges that he was taken to Johnson County Hospital and then to J.P.S. Fort Worth with a high fever and blood poisoning from the infected abscess. *See id.*

Under the PLRA, where prisoners (whether incarcerated or detained pending trial) seek relief from a governmental entity or employee, a district court must, on initial screening, identify cognizable claims or dismiss the complaint, or any portion of the complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Consistent with this obligation, the undersigned required the Johnson County Sheriff to file a report under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978). *See* Dkt. No. 9. The sheriff filed the *Martinez* report on December 11, 2023. *See* Dkt. No. 12. And the Court allowed Griffin to file a response, *see* Dkt. No. 13, which he did on January 18, 2024, *see* Dkt. No. 16. Griffin's response did not deny any of the records and factual information provided in the *Martinez* report but only disagreed with the

sheriff's arguments as to the impact and relevance of those records. *See id.*

Before the *Martinez* report was filed, Griffin filed a notice of intention to file a motion to amend indicating that he planned to amend to "giv[e] the full and proper names of each and all defendants" after the *Martinez* report was filed. *See* Dkt. No. 10. And Griffin did file a motion for leave to amend with his response to the *Martinez* report. *See* Dkt. No. 15.

In his motion, Griffin did not specifically identify any individual defendants but stated "[p]aragraphs are amended to reflect the identity and the actions of Johnson County Jail medical staff." *Id.* at 1. The caption of the motion listed the defendants as "Johnson County Jail, Medical Staff, et al.," but no amended pleading was filed with the motion identifying any individual defendants or the specific allegations against them. *See id.* Instead, the motion merely appears to incorporate the information from the records attached to the *Martinez* report as to the identity and actions of medical staff and leave the Court to identify the specific defendants and allegations. The Court granted the motion "to the extent that the undersigned will review the entirety of … Griffin's allegations in screening his claims considering the report under *Martinez* …." Dkt. No. 19.

Griffin's motion for summary judgment also relies largely on the information provided in the *Martinez* report. *See* Dkt. No. 20. And Griffin has now filed a notice with a caption identifying the defendants as "Johnson County Jail, medical staff, Ashley Lawrence, RN, Dayle Austin, LVN, [and] Amy Bankston, LVN." *See* Dkt. No. 23. The undersigned construed this notice as a second motion for leave to amend and

entered an order with this FCR granting the motion as to the identity of the defendants and directing the Clerk of Court to update the docket accordingly.

## Legal Standards

As set out above, the PLRA authorizes the Court to dismiss a complaint where it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

Because this language tracks the language of Federal Rule of Civil Procedure 12(b)(6), the Court should apply the pleading standards as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Under these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, but it does require "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences

using speculation.").

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

So, to avoid dismissal for failing to state a claim upon which relief may be granted under Section 1915A(b)(1), plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

A *Martinez* report is one "tool" a district court may use to screen claims under

Section 1915A. *Hamer v. Jones*, 364 F. App'x 119, 122 n.2 (5th Cir. 2010) (per curiam) ("This court has adopted the procedures used in *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), as a tool by which an administrative record is constructed to assist in assessing prisoner litigation under 28 U.S.C. § 1915." (citing *Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997))).

And, as the United States Court of Appeals for the Fifth Circuit more recently explained,

> [a] district court may obtain a *Martinez* report to frame its evaluation of a prisoner's *in forma pauperis* claim. "A *Martinez* report is produced as a result of prison officials' investigating the prisoner's complaints and compiling an administrative record that acts like an affidavit to aid the district court in screening the complaint." The report serves only to "sort and clarify issues raised in a pro se complaint."

*Thompson v. Tex. Dep't of Criminal Justice*, 67 F.4th 275, 280 (5th Cir. 2023) (footnotes omitted).

And, so, information provided through "[a] *Martinez* report may not be used to resolve material disputed fact findings when they are in conflict with the pleadings or affidavits." *Newby v. Quarterman*, 325 F. App'x 345, 354 (5th Cir. 2009) (per curiam) (citing *Shabazz v. Askins*, 980 F.2d 1333, 1334-35 (10th Cir. 1992)); *accord Cardona v. Taylor*, 828 F. App'x 198, 201 (5th Cir. 2020) (per curiam) (collecting cases).

Accordingly, "if the *Martinez* report conflicts with the *pro se* plaintiff's allegations, the district court must accept the plaintiff's allegations as true, not the records in the report." *Davis v. Lumpkin*, 35 F.4th 958, 964 (5th Cir. 2022) (citation omitted); *see also Thompson*, 67 F.4th at 280 (approving "[t]he district court['s

reliance] on the 'more complete record' in the *Martinez* report to elucidate details about [a plaintiff's alleged] medical evaluations" where "nothing in the district court's opinion [ ] contradict[ed] the claims in [the plaintiff's] initial pleadings"). But "[i]f an exhibit to a complaint contradicts an allegation in the complaint, the exhibit controls." *Stevenson v. Tocé*, 113 F.4th 494, 502-03 (5th Cir. 2024).

### Analysis

First, Griffin's claims against Johnson County Jail and "medical staff" must be dismissed because neither the jail nor the general category of medical staff are jural entities subject to suit. *See Darby v. City of Pasadena*, 939 F.2d 311, 313-14 (5th Cir. 1991) (servient agency or department cannot be sued unless it "enjoy[s] a separate legal existence" because "true political entity has taken explicit steps to grant the servient agency with jural authority"); *Gomez v. Johnson County*, No. 3:22-cv-1357-E-BT, 2023 WL 8191916, at *2 (N.D. Tex. Oct. 27, 2023) (Johnson County jail is nonjural entity), *rec. accepted*, 2023 WL 8190701 (N.D. Tex. Nov. 27, 2023); *Wilson v. Tangipahoa Parish Jail*, No. 24-2704, 2025 WL 1539833, at *3 (E.D. La. Apr. 16, 2025) (medical staff as "broad group of people is not a properly named defendant" and "action must be field against an *actual identified person* who violated a constitutional right, not a department or general staff group at the jail"), *rec. accepted*, 2025 WL 1532756 (E.D. La. May 28, 2025).

Ordinarily, a pro se plaintiff who names a non-jural entity as defendant should be alerted and given an opportunity to amend before dismissal of the complaint. *See Parker v. Fort Worth Police Dept.*, 980 F 2d 1023, 1026 (5th Cir.1993). But Griffin has

already been granted leave to amend to name three individual defendants in addition to the broad category of "medical staff" and any attempt to amend to name Johnson County itself would be futile.

A county "cannot be held liable under § 1983 unless 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'" *Martinez v. Nueces Cnty.*, 71 F.4th 385, 389 (5th Cir. 2023) (quoting *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978)). A plaintiff may proceed on a *Monell* claim only by

> identify[ing] "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy (or custom)." *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002) (cleaned up). Municipalities are not liable "on the theory of respondeat superior" and are "almost never liable for an isolated unconstitutional act on the part of an employee." *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009).

*Hutcheson v. Dall. Cnty.*, 994 F.3d 477, 482 (5th Cir. 2021); *see also Brown v. Tarrant Cnty.*, 985 F.3d 489, 497 & n.11 (5th Cir. 2021) (noting that where a plaintiff's claim fails as to one prong, a court "need not consider whether [his] claim also fails the other two *Monell* prongs" (citing *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168-69 (5th Cir. 2010))).

Griffin does not allege any facts relating to an official policy or custom of Johnson County. So allowing an opportunity to amend to name Johnson County rather than the Johnson County Jail would be futile.

As to the specifically identified medical staff in Griffin's recent notice, *see* Dkt.

No. 23, Griffin has never set out specific allegations as to each individual but instead has merely requested that the Court rely on the records provided with the *Martinez* report to determine their actions, *see* Dkt. No. 15. So the undersigned will liberally construe the records attached to the *Martinez* report as exhibits incorporated into the amended complaint and construes the general allegations in the original complaint with those records as Griffin's amended complaint.

For a pretrial detainee, deliberate indifference claims are considered under the due process protections of the Fourteenth Amendment. *See Ford v. Anderson Cnty.*, 102 F.4th 292, 307 (5th Cir. 2024) (quoting *Est. of Henson v. Wichita County*, 795 F.3d 456, 462 (5th Cir. 2015)). And finding a constitutional violation requires showing that the defendant "(1) subjectively knew of a substantial risk of serious harm to the detainee; and (2) responded to that risk with 'deliberate indifference.'" *Id.* (citing *Cope v. Cogdill*, 3 F.4th 198, 206-07 (5th Cir. 2021)).

"'Deliberate indifference is an extremely high standard to meet' but can be satisfied by a 'wanton disregard for [an inmate's] serious medical needs.'" *Cope*, 3 F.4th at 207 (quoting *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001)).

Put another way, "[d]eliberate indifference is a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice, not merely an unintentionally negligent oversight." *Alvarez v. City of Brownsville*, 904 F.3d 382, 391 (5th Cir. 2018) (en banc) (quoting *James v. Harris Cnty.*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting, in turn, *Rhyne v. Henderson Cnty.*, 973 F.2d 386,

392 (5th Cir. 1992))); *see also Kelson v. Clark*, 1 F.4th 411, 417 (5th Cir. 2021) ("[D]eliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm. Rather, the plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." (cleaned up)).

Alone, a disagreement with medical treatment or a failure to provide additional medical treatment does not constitute deliberate indifference. *See Domino*, 239 F.3d at 756; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *see also Smith v. Allen*, 288 F. App'x 938, 939 (5th Cir. 2008) (per curiam) (determination that a prisoner was not a candidate for further surgery after two prior surgeries were not successful "is insufficient to establish a constitutional violation" (citations omitted)).

On intake at Johnson County Jail, the form indicates that Griffin was asked if he had a "painful dental condition" and reported no. Dkt. No. 12 at 330. But he did receive a dental referral for a broken tooth. *Id.* at 291, 323.

Two days, later Griffin was seen by Defendant Amy Bankston. LVN specifically to address his dental complaints. *See id.* at 343. Bankston found that Griffin had two broken teeth. His temperature was normal, and he reported mild but throbbing pain as well as back pain from a previous injury. *See id.* Griffin was prescribed ibuprofen twice a day as needed for the pain and told to return if his symptoms worsened. *See id.*

Griffin was next seen by medical staff on September 8, 2022. *See id.* at 382.

Griffin alleges that he filed sick call slips and grievances in the interim and "sought officers attention." Dkt. No. 4 at 5. The medical records show that he generally received his medication other than three missed pills marked as "PRN not needed." Dkt. No. 12 at 126-27. But there are no specific allegations as to any of the named defendants relating to Griffin's allegations of a delay in care between August 24, 2022 and September 8, 2022.

On September 8, 2022, Griffin was seen by Defendant Dayle Austin, LVN. *See id.* at 382. Griffin was complaining of severe pain in his jaw and asking to go to the ER. *See id.* But Austin did not see swelling or redness and noted no issues with vital signs or signs and symptoms of distress. *See id.* So Austin referred Griffin to dental, and Robert Reeves, D.D.S. prescribed Amoxicillin. *See id.* at 382-83.

The next day Griffin refused a sick call with Defendant Amy Bankston, LVN. *See id.* at 389, 462-63. Then, on September 12, 2022, Defendant Amy Bankston, LVN requested a sick call for Griffin because his mother had called stating that Griffin had not been receiving his medication and that he could not eat because his food was not soft enough. *See id.* at 402. The medication records show that, after his September 8, 2022 appointment until he was taken to the hospital, Griffin received all prescribed medication other than a one-day delay in administration of the Amoxicillin because it was not available. *See id.* at 127-28.

On September 13, 2022, Griffin filed an emergency sick call request stating that he had "not eaten in 3 or 4 days [because his] mouth wouldn't open wide enough to accept solid foods" and that he had "night … sweats, blurred vision, ear aches, and

migra[ine]s with severe mouth pain." *Id.* at 464.

On September 14, 2022, Griffin was seen by Defendant Ashley Lawrence, RN/H.S.A. *See id.* at 414. Griffin reported constant but moderate pain and rated his pain 3 out of 10. *See id.* He also reported that the swelling was getting worse, and Lawrence also noted facial swelling on examination. *See id.* Griffin was prescribed a second antibiotic (Clindamycin) and Acetaminophen for the pain, told to rinse with warm water and salt often, and referred to a higher level of care. *See id.* In the comments to the sick call request, Lawrence stated that "NO diet changes are needed" and asked Griffin to give the new antibiotic time to work. *Id.* at 464.

On September 16, 2022, around 5:35 am, Griffin was sent to urgent care because of an abscess, fever, and complaints of chest pains. *See id.* at 490. At the hospital, Griffin reported pain onset 8 days before and fever onset that day up to 102.5. *See id.* at 235. He was transferred from Texas Health Cleburne to Texas Health Harris Methodist Fort Worth because the necessary services were not available at Texas Health Cleburne. *See id.* On September 20, 2022, Griffin had oral surgery to extract a decayed molar. *See id.* at 163.

The complaint and incorporated records show that the named individual defendants – Bankston, Austin, and Lawrence – provided medical treatment to address Griffin's complaints.

And, although that treatment did not sufficiently treat Griffin's condition leading to a medical emergency, he was immediately transported to the hospital when his condition became emergent and then transferred to another hospital with the

needed specialty care.

And the allegations do not sufficiently state a non-conclusory claim that the named individual defendants subjectively knew of a substantial risk of serious harm to the detainee and do not meet the high standard for alleging deliberate indifference rather than negligence or gross negligence.

And, although no such claims are specifically alleged, to the extent that Griffin also seeks to bring claims against Lawrence in a supervisory capacity as the Health Services Administrator for the jail, "[u]nder section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987).

So the Court should dismiss this lawsuit with prejudice under 28 U.S.C. § 1915A(b).

And, because Griffin's allegations do not state a claim, he cannot prevail on a motion for summary judgment in his favor, which requires that he "establish beyond peradventure all of the essential elements of [each claim]." *Hughes v. Dillard, Inc.*, No. 3:09-cv-218-D, 2009 WL 4279414, at *3 (N.D. Tex. Nov. 30, 2009) (cleaned up; quoting *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (quoting, in turn, *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986))).

### Leave to Amend

Griffin has already been granted leave to amend his complaint twice, but rather than specifically alleging claims against particular individuals, Griffin's

amendment simply asks the Court to determine the relevant actions of the defendants from the *Martinez* report. *See* Dkt. No. 15; *see also* Dkt. No. 23 (identifying three specific individuals in caption but not alleging facts specific to each). And as discussed above, granting leave to amend with respect to the nonjural entities would be futile.

That said, if Griffin believes that he has not yet stated his best case – which means, after considering the notice provided above, Griffin believes he knows of more facts that he can assert to allege a plausible claim – the time to file objections (further explained below) allows him an opportunity to explain how he would cure the deficiencies identified above and thus show the Court that his case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend his claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2)), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects.").

### Recommendation

The Court should deny Griffin's motion for summary judgment and dismiss the complaint with prejudice under 28 U.S.C. § 1915A(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections

within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 10, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 15 -